## BYINGTON v. BRADLEY, *et al.*

1. VARIANCE: EVIDENCE. Where in a proceeding to foreclose a tax title, the defendant alleged in his answer that he redeemed the premises in controversy, on the 23d day of April, 1854, and referred to a certificate of redemption set out as an exhibit to the answer, which recited that the redemption was made on the 23d day of April, 1855; and the plaintiff in his replication denied that defendant redeemed said lands at the day named in the answer or at other time, it was held that the certificate showing that the redemption was made on the last date mentioned should not be excluded on the ground of a variance.

*Appeal from Johnson District Court.*

SATURDAY, OCTOBER 6.

FORECLOSURE OF TAX TITLE. Plaintiff objected to the introduction of certain testimony offered by defendants, offered other testimony which was rejected, to all of which he excepted, and from the judgment for defendants he appeals.

*Byington, pro se.*

*Clarke & Davis* for the appellees.

WRIGHT, J.—I. The answer alleges that defendants redeemed the land in controversy, on the 23d of April,

1854, as is shown by a copy of the certificate attached, which is referred to and made a part of said answer. This certificate shows that the redemption was made April 23d, 1855. The replication denies that the defendants redeemed on the day named in the answer *or at any other time.* Under the issue as thus made, there was no such variance between the certificate offered in evidence (which showed a redemption, April 23d, 1855) and that referred to in the answer, as to justify its exclusion.

II. Defendants paid to the clerk at the time of redemption, certain costs, accrued in this case, in addition to the amount paid to the treasurer, for the taxes and interest thereon. It is claimed that the amount paid to the clerk was not sufficient. The bill of exceptions recites that they paid all that was demanded by the clerk, and there was no proof offered, nor is there anything to show that the amount paid did not cover all the costs then legally made in the case. If they paid what was demanded by the clerk, this was at least *prima facie* sufficient, and plaintiff could not require more of them until he shows that a greater amount was then legally owing.

III. The other errors assigned are in substance the same as in the cases of *Byington* v. *Walsh* and *Same* v. *Allen, ante,* and for the reasons there stated are overruled.

Judgment affirmed.